# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | | |
| Date of entry of order or judgment appealed | | |
| Date notice of appeal or petition for review filed | | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ○ No |

01/27/2015
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

1. Can the Bankruptcy Code support the avoiding of a foreclosure, when it is arguably compliant with state law, but when the consideration generated by the foreclosure is meager when it is clear that the lender is willfully stripping the debtor of equity for its benefit, having bought in at the foreclosure for less than half of fair market value and where it is positioning itself to resell the real estate for a profit.

2. Does the fact that the lender bought-in as opposed to an unrelated third party purchaser, justify a revisiting of the seeminglly broad scoped BFP v. Resolution Trust Company case. 511 US 531.

3. Is it permitted that a debtor and its counsel seek to differentiate its facts from BFP to acheive a different result, or is that something that should be sanctioned?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Branch Bank and Trust Company | Adverse Party: same party |
| Attorney: Trevor Reid; Meredith Yoder; S. Scarce<br>Address: 6802 Paragon Place, Suite 300<br>Richmond, VA 23230 | Attorney:<br>Address: |
| E-mail: treid@parkerpollard.com; | E-mail: sscarce@parkerpollard.com |
| Phone: 804-262-3600 | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: same party | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: myoder@parkerpollard.com | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: | Name: |
| Attorney: <br> Address: | Attorney: <br> Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |
| **Appellant (continued)** ||
| Name: | Name: |
| Attorney: <br> Address: | Attorney: <br> Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** _____    **Date:** _____

**Counsel for:** _____

**Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|   |   |
|---|---|
|   |   |
| Signature: | Date: |