CASE NO. 15-1807

---

## In The UNITED STATES COURT OF APPEALS
## For the Fourth Circuit

---

|
|
*In Re*: MICHAEL'S ENTERPRISES OF VIRGINIA, INC., |
Debtor, |
|
_____ |
|
MICHAEL'S ENTERPRISES OF VIRGINIA, INC. *et al*, |
*Appellants,* |
|
|
v. |
|
BRANCH BANKING AND TRUST COMPANY |
*Appellee*. |
|
|
|

---

**APPELLANT'S REPLY BRIEF for MICHAEL'S ENTERPRISES OF VIRGINIA, INC.,** *et al*.
**Appeal from the U. S. District Court, Eastern District of Virginia, at Richmond**

---

Lee Robert Arzt, VSB# 13192
*Counsel for the Appellants*
6802 Paragon Place, Suite 220
Richmond, VA 23230
804-282-9722 voice
804-282-1048 facsimile
arztlaw@aol.com

**INTRODUCTION:**

The Appellant, Michaels Enterprises of Virginia, Inc., (APPELLANT or MICHAELS), shall reply to the sundry positions and arguments of the Appellee, Branch Banking and Trust Company, (BB&T or APPELLEE), using generally the organizational order in which the positions or arguments appear in the APPELLEE'S brief.

**JURISDICTIONAL STATEMENT**

MICHAELS takes umbrage at the unsubstantiated notion that the relief prayed for in this appeal was rendered moot by the dismissal of the Chapter 11 proceedings below whether by consent or otherwise. The fact that a bankruptcy case is closed is but a minor impediment to the granting of the prayers for relief submitted by MICHAELS to this honorable Court.

Bankruptcy cases are always capable of being reopened and this is done regularly if it is for a valid reason. Reopening the bankruptcy case should be a part of the appeal Order if relief is granted to Michaels, with the requirement that it is done to file the adversary proceeding by the debtor against the bank for its abusive behavior in the foreclosure and for its wrongful attempt at sanctions. Debtor would seek protection from having to file monthly reports and such where that would be of little value. Reopening cases in bankruptcy is done with some frequency, and there is no reason why the Bankruptcy Judge would refuse to reopen the MICHAELS case for the litigation of the rights of the debtor vis a vis the bank where the rights of the parties needs to be litigated to retrieve lost value.

**I.      STATEMENT OF THE CASE**

The individuals who were not parties in the bankruptcy below, in this case were listed as parties in the appeal to the U.S. District Court. In filing the appeal in the U.S. Court of Appeals, Appellant's counsel was told by the Court's clerical staff that parties who were not parties in the case in Bankruptcy Court, could not be named as parties in the Appeal. From the beginning of the appeal process to the present date all of those who were harmed by the Orders alleged in error have been intended to be a part of the appeal regardless of how the staff decides to name or not name individuals hurt by one or more Orders, but not named as parties in the case below.

The relief sought is for the benefit of the debtor, MICHAELS, the debtor in possession, Michael S. Pintz, the debtor in possession, and counsel, Lee Robert Arzt.  Please note the reference to "*et als*" in the style of the case in the Appellant's brief, as filed by Appellant.

While it might be argued that the legal positon taken by MICHAELS to reverse the foreclosure, is open to debate, it is inconceivable that in full view of the cases discussed that the position of the APPELLANT and the individuals to seek a legal ruling making an exception to *BFP v. Resolution Trust* was frivolous.  If the facts underlying *BFP v. Resolution Trust*, were based on the situation where there was a *bona fide* unrelated to the bank purchaser, then in the MIACHAELS fact pattern, where there is no independent purchaser, adequate room exists to challenge the abusive sale in Bankruptcy Court.

The rule for sanctions was entirely inappropriate for reasons already stated by the APPELLANT in its brief, and the granting of same was error.  While it could be debated whether or not it is appropriate to have a ruling in MICHAELS that sides with the minority opinion in *BFP v. Resolution Trust,* in that 5 to 4 decision, it is intentionally abusive by BB&T and chilling to our legal system that sanctions should be applicable in this case.  It is in counsel's opinion un-American and contrary to the way in which our legal system works.

The judgments of the Bankruptcy Court and the U.S. District Court, need to be reversed and precedent made that enforces the right of bankrupts to have a second look at the results of foreclosures, even when they comport with state law, when they are abusive as is the case here.

## II.  EVENTS PRECEDING THE BANKRUPTCY

The filing of the failed petition for a temporary injunction to stop the foreclosure does not bear on the later bankruptcy.  The actions of a debtor prior to filing a petition does not foreclosure the benefits of any of the chapters in bankruptcy, save for the situations where we have either a dishonest debtor or where there is either a malicious act or an act of such heinous irresponsibility that the right to a discharge in bankruptcy is withheld as when a debtor drove a motor vehicle drunk and killed or physically harmed a claimant.

3

Debtor is unaware of case law that supports the notion that a prior failed attempt at a temporary injunction to stop a foreclosure would bar a debtor's rights in bankruptcy.  This is an untenable position by the bank APPELLEE, which should never have been supported by the Courts below.

## III. PROCEEDINGS IN THE BANKRUPTCY COURT

A.    The debtor's plan.  The radical departure spoken to in ***BFP v. Resolution Trust*** and cited by the Appellee***,*** was limited to its facts where there was a genuine unrelated to the bank purchaser at the foreclosure sale.  The argument of the bank APPELLEE, begs the question of what was attempted and speaks past the legal issues presented now as in the prior proceedings. When the bank is the purchaser, what about then?   In Michaels there is no independent purchaser to harm by taking a second look at the foreclosure where the lender bid in deliberately at less than the debt, or really at about 39% of the bank's appraisals over a period of years.  We have made this argument plainly and simply.

This is about a bank gone amok believing that its right to take away the debtors equity at this abusive rate, strip other creditors of the chance to be paid, seek and get a deficiency judgment against the debtor, and then to sell the property for a profit albeit one that would not pass muster in a sale of a bankrupt's assets.  The bank Appellee resold the land for about $160,000 and pocketed the profit without crediting a cent to the debtor.

If this is not abuse within the confines of Bankruptcy then what is?    This is precisely what was envisioned in the minority opinion in ***BFP v. Resolution Trust***.  BB&T presents the worst case scenario.  There is no legal reason to protect BB&T or to honor it or its ilk when they behave in this manner.  Real estate secured lenders do not deserve to be treated better than any other kind of secured creditor because they are earned themselves out of their protected status.  This by the way does not hurt BB&T, the lender it just slows down their recovery of funds.  In this case it would have gotten the lender more money than the foreclosure.  The debtor turned down an offer in bankruptcy of $250,000 believing that it would recover more money.

B.        The Motion for Sanctions.  There was an initial period of threatening the debtor and counsel with sanctions for filing the bankruptcy.  That was seen as more abusive behavior and in fact an attempt to freeze the debtor and counsel from rightfully presenting this opportunity to make a legitimate exception to the ***BFP v. Resolution Trust*** ruling where the purchaser at the foreclosure sale is the lender.

Not only though, was the bankruptcy filed for the purpose of reviewing the abusive foreclosure, but it was filed to litigate the cloudy title to the farm real estate that could also generate funding for a plan.

Counsel did not know, nor could he have known that the title work done by others was wrong, and incomplete, and that the case was not worth pursuing.  It was error to make the success of the farm land title case be a condition of the sanctions imposed.  Considerable work was done to reconstruct the hundred year old chain of title and negotiations were attempted to try to work out a settlement that could yield funds, but that was not to be.  It is unethical to pursue a case when counsel figures out that it has no basis to proceed.  The case was ended based on the previously unknown facts, as was proper.  A disappointment to the debtor but nothing could be done there.

It was error to base the granting of sanctions on the success of the adversary proceeding intended to clear title to a large valuable tract of land.

### IV.  Posture on Appeal

As Appellee states all three appealed the Bankruptcy Courts ruling, and the individuals were intended to be a part of this appeal from the start.  The clerical staff made it clear that it was not appropriate to list individuals as a part of this appeal if they were not named parties in the bankruptcy case.  Appellants would list the individuals on the appeal to this Court now.  If the Clerical Staff is not correct then Appellant moves to list them now, and further moves to have the failure to list them accounted for as harmless error, as no harm is done to the lender where they have been fighting with these same parties over the same issues for quite some time.

## STANDARD OF REVIEW

This is almost entirely, if not entirely a law case. The sanctions were not imposed on facts, they were imposed on a challenge to the law, (unless the delay in sanctions per the Bankruptcy Judge based on the second intended adversary proceeding could be said to be factual). Even there the matter is a matter of law and not fact. The entire case was presented as a legal attack on or at least an exception to *BFP v. Resolution Trust.* The Bankruptcy Court's opinion is based upon the incorrect notion that *BFP v. Resolution Trust* presents an unassailable ruling that in every situation regardless of whether there is a genuine unrelated purchaser or not that foreclosures will not be reopened. *BFP v. Resolution Trust* does not support that. The fact there was an independent buyer unrelated to the foreclosing lender is a very material fact that supports the ruling of the majority.

MICHAELS is entirely comfortable with *BFP v. Resolution Trust* as it is written. It appears to the unbiased reader of the case that the lack of such an independent buyer at the foreclosure sale makes a monumental difference. *BFP* was a 5 to 4 decision *with the independent buyer*. It is entirely reasonable that the lack of an independent buyer might change one or more Justices to vote with what was the minority opinion, making the reversal of the foreclosure the majority opinion. **One vote changes the result**. As a debtor and counsel do we not have the right to make this argument in Court? Or do the banks control what may or may not be legitimately argued in our Court system? The standard of review here should be *de novo* as stated by MICHAELS in APPELLANTS' brief.

## ARGUMENT

I.     **The ruling of the Bankruptcy Court denying debtor the opportunity to review the foreclosure was not final until the case ended.**

In federal cases that plaintiff has the opportunity to appeal on an interlocutory rulings with permission of the Court or at the end of the case. The Appellants have preserved their

objections to the rulings below and made their appeal to both the U.S. District Court and now to this Court.  The rulings of the Bankruptcy Court were not final and like all rulings of Bankruptcy Courts are subject to being reopened and matters litigated even after the closing of a case.

II.      The Voluntary Dismissal of the Case has no bearing on the ability of the Bankruptcy Court to reopen the case to permit the full litigation of the rights of debtor and its creditors vis a vis BB&T, as stated above.

III.     Appellant has address the issue of sanctions.  The filing was for the purpose of reviewing the abusive foreclosure by BB&T of the debtors' property, to provide funding for as 100% plan, and for an attempt to clear a cloudy title on other land, which would provide debtor with the opportunity to file a very good plan for its creditors.  These are proper purposes in light of ***BFP v. Resolution Trust,*** as that case is distinguishable from MICHAELS as stated numerous times in the briefs at each stage of these proceedings.

## <u>CONCLUSION</u>

At each stage of the proceedings in the Bankruptcy Court, and in the U.S. District Court, the debtor and the individuals presented their arguments that the BB&T foreclosure was wrongful, abusive and reviewable.  If this is a correct argument to make the sanctions were in error.  The APPELLANTS believe that they were dead right in making the arguments to the Courts below, and that the opinion in ***BFP v. Resolution Trust*** needs to be limited to its facts, where there is an independent purchaser at the foreclosure.  Otherwise, as in the case at bar the foreclosure is reviewable.  Clearly the Appellants believe the rulings below must be reversed.

Respectfully submitted this 12th day of November, 2015.

MICHAELS ENTERPRISES OF VIRGINIA, INC.

/s/ Lee Robert Arzt

By:_____

7

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of November, 2015 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or if they are not, by serving a true and correct copy at the address listed below:

Stephan E. Scarce, VSB 42395
Trevor B. Reid, VSB 77233
Meredith L. Yoder, VSB 48951
Parker, Pollard, Wilton & Peadon, P.C.
6802 Paragon Place, Ste 300
Richmond, VA 23230
804-262-3600 telephone
804-262-3284 facsimile

/s/ Lee Robert Arzt
_____
signature